UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| NEO4J, INC.; NEO4J SWEDEN AB, | No.   21-16029 |
| Plaintiffs-counter-defendants-Appellees, | D.C. No. 5:18-cv-07182-EJD Northern District of California, San Jose |
| v. | |
| PURETHINK, LLC; IGOV, INC.; JOHN MARK SUHY, | ORDER |
| Defendants-counter-claimants-Appellants. | |

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,* District Judge.

The memorandum disposition filed on February 18, 2022 is amended as follows:

- At page 1, lines 1–2, the phrase "and three corporations, PureThink, LLC, iGov, Inc., and Graph Foundation, Inc." is replaced by "and, as relevant here, two corporations, PureThink, LLC, and iGov, Inc."

- At page 2, line 1, footnote 1 has been added, which reads, "An action stating substantially the same claims against another corporation, Graph Foundation, Inc. ("GFI"), settled."

- At page 2, line 14, the phrase "not Neo4j® Enterprise Edition" has been deleted.

- At page 2, footnote 2, the phrase "to denote the Neo4j USA-licensed platforms, Neo4j® Community Edition and Neo4j® Enterprise

---

* The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Edition" has been replaced by "to denote the licensed platforms at issue."

- At page 3, lines 2–3, the phrase "and others" has been added.

- At page 3, line 9, the word "Defendants'" has been replaced by "The".

- At page 3, line 12, the word "Defendants'" has been replaced by "And".

- At page 3, line 13, the phrase "even taking Defendants' own definition of the term—'compatibility'" has been deleted.

The petition for panel rehearing, Dkt. 47, is **DENIED**.  No future petitions for rehearing or rehearing en banc will be entertained.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEO4J, INC.; NEO4J SWEDEN AB,<br><br>    Plaintiffs-counter-<br>    defendants-Appellees,<br><br>  v.<br><br>PURETHINK, LLC; IGOV, INC.; JOHN<br>MARK SUHY,<br><br>    Defendants-counter-<br>    claimants-Appellants. | No.    21-16029<br><br>D.C. No. 5:18-cv-07182-EJD<br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 7, 2022
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[**] District
Judge.

Neo4j, Inc. ("Neo4j USA") sued John Mark Suhy and, as relevant here, two

corporations, PureThink, LLC and iGov, Inc. (collectively, "Defendants"), asserting

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and California law.[1] The district court entered a preliminary injunction enjoining Defendants from infringing the registered NEO4J mark[2] and from making misrepresentations to consumers about their products. Reviewing for abuse of discretion, *see Dev'l Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011), we affirm.

1.       Because Neo4j USA registered the NEO4J mark, U.S. Trademark Registration No. 4,784,280, the district court correctly held it has standing to sue for infringement. *See* 15 U.S.C. § 1114(1) (infringers "shall be liable in a civil action by the registrant"); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1214, 1226–28 (9th Cir. 2008).

2.       The court did not abuse its discretion by enjoining Defendants from infringing the NEO4J mark in the names of their own products. Defendants' use of the NEO4J mark was not nominative fair use, as it referred to their competing products, "Neo4j Enterprise" and "Government Package for Neo4j." *See Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010) (holding that nominative use of a trademark requires that the mark "refer to the trademarked good" not the defendant's good); *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d

---

[1]       An action stating substantially the same claims against another corporation, Graph Foundation, Inc. ("GFI"), settled.

[2]       We use the term "NEO4J" to refer to the word mark registered by Neo4j USA. We use the term "Neo4j®" to denote the licensed platforms at issue.

302, 308 (9th Cir. 1992).

3. Nor did the court abuse its discretion by enjoining Defendants and others from "[a]dvertising, promoting, representing or referring to ONgDB as a free and open source drop-in replacement of Neo4j Enterprise Edition," and making other false representations about ONgDB to consumers. Lanham Act falsity is established either if a "statement was literally false, either on its face or by necessary implication," or if a "statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). The representation that ONgDB is a "free and open-source" version of Neo4j® EE was literally false, because Section 7 of the Sweden Software License only permits a downstream licensee to remove "further restrictions" added by an upstream licensee to the original work. And advertisements of ONgDB as a "drop-in replacement" for Neo4j® EE were also false. And, even if the "drop-in replacement" representations were not literally false, substantial evidence showed that consumers were confused by Defendants' use of the term.

4. The district court did not abuse its discretion by enjoining Defendants from suggesting Neo4j USA endorsement of their products. Defendants argue that two of the eight factors identified in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)—the "type of goods and the degree of care likely to be exercised by the purchaser" and "evidence of actual confusion"—weigh in their

3

favor.  But the "presence or absence of a particular factor does not necessarily drive the determination of a likelihood of confusion."  *E.  & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290–91 (9th Cir. 1992).  A particularly strong showing of some factors will suffice to demonstrate confusion.  *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1125 (9th Cir. 2014).  It was not an abuse of discretion for the district court to rely on the other six *Sleekcraft* factors in entering the preliminary injunction.

**AFFIRMED.**

4